IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRANDON KENNEDY, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER MONTRELL JACKSON, AND OFFICER JOHN DOE, INDIVIDUALLY; AND CITY OF SHREVEPORT POLICE CHIEF WAYNE SMITH, RECORDS CUSTODIAN FOR SHREVEPORT POLICE DEPARTMENT SERGEANT MICHAEL DUNN, AND RECORDS CUSTODIAN FOR SHREVEPORT POLICE DEPARTMENT JOHN DOE(S), IN THEIR OFFICIAL CAPACITIES. <br><br> Defendants. | CIVIL ACTION NO. 5:21-cv-04247 <br><br> JUDGE: Elizabeth E. Foote <br><br> MAGISTRATE JUDGE: Mark L. Hornsby <br><br> *Jury Trial Demanded* |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT MICHAEL DUNN**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Local Rules for the Western District of Louisiana, Plaintiff Brandon Kennedy ("Plaintiff" or "Mr. Kennedy"), by and through his undersigned attorneys, hereby requests that Defendant Shreveport Police Department ("SPD") Sergeant Michael Dunn ("Defendant" or "Sgt. Dunn," and collectively with other named Defendants "Defendants") answer the following Interrogatories fully and under oath and serve his answers within thirty (30) days of the date of service. In responding to these Interrogatories, the following definitions and instructions shall apply:

**DEFINITIONS**

Unless otherwise stated in any particular Request, the terms set forth below shall and are defined to mean as follows, regardless of any punctuation, grammar, capitalization or otherwise,

1

when used in any Interrogatory or definition of another term. In order to avoid unnecessary delay, Defendant should meet and confer with Plaintiff in good faith prior to responding if they believe any definitions are unclear, vague or ambiguous.

1. The term "identify" when used with reference to an individual person shall mean to state, to the extent known, the person's full name, last known address and telephone number, and employer or business affiliation.

2. The term "identify" when used with reference to a document shall mean to state, to the extent known, the type of document, the general subject matter of the document, the date of the document, and the author(s) and recipient(s) of the document. In lieu of identifying a document, you may produce the document and refer by bates number to the produced document in your response to a particular Interrogatory.

3. The term "identify" when used with reference to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, shall mean to describe in detail the substance of, to state the date and location of, and to identify the participants in each such communication, discussion, conversation, meeting, conference, or statement.

4. "Incident" means Plaintiff's stop, detention, and detainment on or about December 15, 2020, outside of the Family Dollar Store in Shreveport, Louisiana.

5. "Family Dollar" refers to the Family Dollar Store located in Shreveport, Louisiana, where the Incident took place.

6. "Action" refers to the above-referenced lawsuit filed by Mr. Kennedy against Defendants.

7. The term "describe" as used in these Interrogatories in connection with any act, occurrence, omission, or series of acts, occurrences, or omissions shall mean to state the following information: (1) the identity of each and every person involved in the act, occurrence, omission or series of acts, occurrences, or omissions as provided in the definition of "identify;" (2) the date or dates of each and every act, occurrence, or omission; (3) a brief description of the act, occurrence, omission, or series of acts, occurrences or omissions by reference to underlying facts rather than by ultimate facts or conclusions of facts or law and the substance of any contact or communication in connection therewith; and (4) a description of each and every document involved in the act, occurrence, omission or series of acts, occurrences, or omissions.

8. The term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).

9. "Person" and "persons" as used in these Interrogatories shall mean and include, without limiting the generality of its meaning, any natural or individual person, corporation, firm, partnership, association, governmental body, agency or subdivision, committee, commission, or other organization or entity.

10. "Concerning," "relate to," "refer to," and "pertaining to" are intended to encompass any and all information relating to, referring to, connected with, about, regarding, discussing, describing, constituting, evidencing or in any way relevant to the underlying facts of the specified subject of the particular Interrogatory within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

11. "Complaint" and "this Action" shall mean the Complaint filed by Plaintiff against Defendant in the above-entitled case.

12. "Health care provider" shall mean any doctor or other practitioner of medical science or healing arts, including but not limited to counselors, nurses, chiropractors, psychologists, psychiatrists, social workers, physical therapists, and hospitals, clinics, hospices and other institutions providing health care.

13. "Plaintiff" shall mean Brandon Kennedy, Sr. his attorneys, agents, representatives and all other persons acting or purporting to act on behalf of Brandon Kennedy, Sr..

14. "You" and "your" shall refer to Michael Dunn (as defined above), as well as any agents, representatives, attorneys, employees, consultants, investigators, independent contractors, or any other person acting or purporting to act on your behalf, unless otherwise noted.

15. The terms "all," "any," and "each" shall encompass any and all.

16. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any and all information which might otherwise be construed as outside their scope.

17. "Communication" shall mean the transmittal of any information or data, by any means whatsoever, including, but not limited to, any meeting, conversation, statement, discussion, conference, correspondence, message through any medium (including via e-mail, text message, iMessage, Facebook message, Instagram message, software or other application, online or offline forum, internet or intranet server, chat room, or any other digital means of sharing, exchanging, or transmitting information, whether specifically enumerated herein or not), or other written or oral transmission, exchange, or transfer of information in any form,

including in-person or by telephone, facsimile, telegraph, telex, letter, e-mail, text message, or other physical or digital medium, whether specifically enumerated herein or not.

18. "Defendants" shall refer collectively to Defendants Officer Montrell Jackson, Officer John Doe, Shreveport Police Chief Wayne Smith, SPD Records Custodian Sergeant Michael Dunn, and SPD Records Custodian John Doe.

19. Where the singular is used with reference to any person, document or item, it shall include the plural if, in fact, there are more than one, and vice versa. Similarly, where the pronouns he, she, his or her are used, they shall include all genders.

## INSTRUCTIONS

1. Each Interrogatory is to be answered separately and specifically. No answer is to be left blank. If the answer to an Interrogatory or subparagraph of an Interrogatory is "none" or "unknown," such statement must be written in the answer. If the answer to the entire question is not known, so state and answer the part known. If an exact date is not known, state the closest approximate date.

2. In responding to these Interrogatories, provide all information available to you, including information in the possession of your attorneys, investigators or experts, and not merely information in your own personal possession. If you or any of your agents, including your attorneys, are aware of the existence of any information within the scope of these Interrogatories that is not within the custody, possession or control of you or your agents, please identify any such information in a written response and provide information about who has the information.

3. If you object to any part of any Interrogatory, you must answer all parts of that Interrogatory to which you do not object, and state the specific basis for your objection to any part to which you do object.

4. If you claim that an answer, in whole or in part, to any Interrogatory or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject matter and state with particularity the nature and basis of the claim of privilege or other reason that the information is protected from discovery.

5. These Interrogatories are deemed continuing in nature and call for prompt supplemental production whenever you receive or discover additional information covered by these Interrogatories. You are hereby notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your responses to these Interrogatories should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, though correct and complete when made, is no longer true and complete.

6. Manner of Production. In the event you produce documents in lieu of identifying them herein, please produce documents as instructed in Plaintiff's First Requests of Production.

## INTERROGATORIES

1. Identify all individuals that are responsible for ensuring timely and complete responses are provided in response to public record requests submitted to the SPD. For each individual, describe their role.

Response to Interrogatory No. 1:

2. Explain the policies and procedures that apply to or govern the SPD's responses to public record requests and identify all documents concerning such policies and procedures.

Response to Interrogatory No. 2:

3. Identify all public records requests related to police misconduct that have been submitted to the SPD in the past three years. For each request, identify (1) the date it was sent, (2) the date it was received by the SPD, (3) a brief description of the information sought, (4) the date a response was provided, (5) a brief description of the information provided in response, (5) whether the response was full or partial, (6) the amount charged to the recipient or requester, and (7) identify all documents concerning the request and the response.

Response to Interrogatory No. 3.

4.      Identify each and every person with whom you have communicated regarding the Complaint, and specify what was communicated.

<u>Response to Interrogatory No. 4</u>:

5.      Identify each and every official or unofficial complaint or allegation regarding the SPD's failure to timely or adequately respond to public records requests that has been submitted to the SPD (collectively in this Request "complaint(s)"). For each complaint, identify the person who made the complaint, the date it was made, the nature of the complaint, the consequences or outcome of the complaint, and all documents concerning the complaint.

<u>Response to Interrogatory No. 5</u>:

6.      Identify each and every person who you know or believe has knowledge concerning any of the facts alleged in the Complaint, and for each person identified, describe the factual knowledge the person has and how you became aware that the person has such knowledge.

<u>Response to Interrogatory No. 6</u>:

7. Identify and describe each and every communication you have had with any individual, besides your attorneys, regarding this Action or the allegations in the Complaint. Provide the name, address, phone number(s), and email address(es) of each individual with whom you have had such a conversation, and describe in detail the content of each conversation.

Response to Interrogatory No. 7:

8. Identify and describe each and every communication you have made regarding Mr. Kennedy, this Action, or the allegations in the Complaint (other than communications with your attorneys), since December 15, 2020, including but not limited to, statements made on any websites, web logs ("blogs"), online forums, social networking websites (e.g., www.linkedin.com, www.facebook.com, www.twitter.com), or any other location on the Internet.

Response to Interrogatory No. 8:

9. Identify each and every person from whom you or your attorneys have obtained a written statement concerning this Action, and identify each such written statement.

Response to Interrogatory No. 9:

10. Identify each civil, criminal or administrative action to which you have been a party, including the matter name, court or agency, and any matter number assigned by the court or agency, and describe your role with respect to each.

Response to Interrogatory No. 10:

11. Identify the person who filmed the cell phone recording of the Family Dollar surveillance video provided in response to Plaintiff's public records requests.

Response to Interrogatory No. 11:

12. Identify the person who can be heard laughing in the background of the cell phone recording of the Family Dollar surveillance video provided in response to Plaintiff's public records requests.

Response to Interrogatory No. 12:

13. State why a cell phone recording of the Family Dollar surveillance video was provided in response to Plaintiff's public records requests, instead of a full copy of the original surveillance footage.

Response to Interrogatory No. 13:

14. For each request for admission in Plaintiff's First Set of Requests for Admission that You denied, explain the basis for your denial.

<u>Response to Interrogatory No. 14</u>:

Dated: February 14, 2022

Respectfully submitted,

By: <u>/s/ Christen L. Casale</u>
Megan E. Snider (SBN LA 33382)
msnider@laaclu.org
Nora S. Ahmed (pro hac vice)
nahmed@laaclu.org
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
(t) 504 522 0628

Jeremy Blumenfeld (pro hac vice)
Jared Killeen (pro hac vice)
Christen Casale (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
jeremy.blumenfeld@morganlewis.com
jared.killeen@morganlewis.com
christen.casale@morganlewis.com

Latiera J. Scott-Johnson (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Telephone: +1.312.324.1000
Facsimile: +1.312.324.1001
latiera.rayford@morganlewis.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Christen L. Casale, hereby certify that on this February 14, 2022, a true and correct copy of the foregoing was served upon the following via electronic mail:

Edwin H. Byrd, III
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P.
400 Texas Street, Suite 400
Shreveport, LA 71101
Telephone: (318) 221-1800 Ext. 106
Facsimile: (318) 226-0390
ebyrd@padwbc.com

*Attorney for Defendant*

                                            */s/ Christen L. Casale*
                                            Christen L. Casale