**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BRANDON KENNEDY, | CIVIL ACTION NO. 5:21-cv-04247 |
| Plaintiff, | JUDGE: Elizabeth E. Foote |
| v. | MAGISTRATE JUDGE: Mark L. Hornsby |
| OFFICER MONTRELL JACKSON, AND OFFICER JOHN DOE, INDIVIDUALLY; AND CITY OF SHREVEPORT POLICE CHIEF WAYNE SMITH, RECORDS CUSTODIAN FOR SHREVEPORT POLICE DEPARTMENT SERGEANT MICHAEL DUNN, AND RECORDS CUSTODIAN FOR SHREVEPORT POLICE DEPARTMENT JOHN DOE(S), IN THEIR OFFICIAL CAPACITIES. | *Jury Trial Demanded* |
| Defendants. | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT WAYNE SMITH

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Local Rules for the Western District of Louisiana, Plaintiff Brandon Kennedy ("Plaintiff" or "Mr. Kennedy"), by and through his undersigned attorneys, hereby requests that Defendant Shreveport Police Department ("SPD") Police Chief Wayne Smith ("Defendant" or "Chief Smith," and collectively with the other named Defendants "Defendants") answer the following Interrogatories fully and under oath, and serve his answers within thirty (30) days of the date of service.  In responding to these Interrogatories, the following definitions and instructions shall apply:

## DEFINITIONS

Unless otherwise stated in any particular Request, the terms set forth below shall and are defined to mean as follows, regardless of any punctuation, grammar, capitalization or otherwise,

1

when used in any Interrogatory or definition of another term.  In order to avoid unnecessary delay, Defendants should meet and confer with Plaintiff in good faith prior to responding if they believe any definitions are unclear, vague or ambiguous.

1.     The term "identify" when used with reference to an individual person shall mean to state, to the extent known, the person's full name, last known address and telephone number, and employer or business affiliation.

2.     The term "identify" when used with reference to a document shall mean to state, to the extent known, the type of document, the general subject matter of the document, the date of the document, and the author(s) and recipient(s) of the document.  In lieu of identifying a document, you may produce the document and refer by bates number to the produced document in your response to a particular Interrogatory.

3.     The term "identify" when used with reference to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, shall mean to describe in detail the substance of, to state the date and location of, and to identify the participants in each such communication, discussion, conversation, meeting, conference, or statement.

4.     "Incident" means Plaintiff's stop, detention, and detainment on or about December 15, 2020, outside of the Family Dollar Store in Shreveport, Louisiana.

5.     "Family Dollar" refers to the Family Dollar Store located in Shreveport, Louisiana, where the Incident took place.

6.     "Action" refers to the above-referenced lawsuit filed by Mr. Kennedy against Defendants.

7.      The term "describe" as used in these Interrogatories in connection with any act, occurrence, omission, or series of acts, occurrences, or omissions shall mean to state the following information: (1) the identity of each and every person involved in the act, occurrence, omission or series of acts, occurrences, or omissions as provided in the definition of "identify;" (2) the date or dates of each and every act, occurrence, or omission; (3) a brief description of the act, occurrence, omission, or series of acts, occurrences or omissions by reference to underlying facts rather than by ultimate facts or conclusions of facts or law and the substance of any contact or communication in connection therewith; and (4) a description of each and every document involved in the act, occurrence, omission or series of acts, occurrences, or omissions.

8.      The term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).

9.      "Person" and "persons" as used in these Interrogatories shall mean and include, without limiting the generality of its meaning, any natural or individual person, corporation, firm, partnership, association, governmental body, agency or subdivision, committee, commission, or other organization or entity.

10.     "Concerning," "relate to," "refer to," and "pertaining to" are intended to encompass any and all information relating to, referring to, connected with, about, regarding, discussing, describing, constituting, evidencing or in any way relevant to the underlying facts of the specified subject of the particular Interrogatory within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

11.     "Complaint" and "this Action" shall mean the Complaint filed by Plaintiff against Defendant in the above-entitled case.

12.     "Health care provider" shall mean any doctor or other practitioner of medical science or healing arts, including but not limited to counselors, nurses, chiropractors, psychologists, psychiatrists, social workers, physical therapists, and hospitals, clinics, hospices and other institutions providing health care.

13.     "Plaintiff" shall mean Brandon Kennedy, Sr. his attorneys, agents, representatives and all other persons acting or purporting to act on behalf of Brandon Kennedy, Sr..

14.     "You" and "your" shall refer to Wayne Smith (as defined above), as well as any agents, representatives, attorneys, employees, consultants, investigators, independent contractors, or any other person acting or purporting to act on your behalf, unless otherwise noted.

15.     The terms "all," "any," and "each" shall encompass any and all.

16.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any and all information which might otherwise be construed as outside their scope.

17.     "Communication" shall mean the transmittal of any information or data, by any means whatsoever, including, but not limited to, any meeting, conversation, statement, discussion, conference, correspondence, message through any medium (including via e-mail, text message, iMessage, Facebook message, Instagram message, software or other application, online or offline forum, internet or intranet server, chat room, or any other digital means of sharing, exchanging, or transmitting information, whether specifically enumerated herein or not), or other written or oral transmission, exchange, or transfer of information in any form,

including in-person or by telephone, facsimile, telegraph, telex, letter, e-mail, text message, or other physical or digital medium, whether specifically enumerated herein or not.

18.     "Defendants" shall refer collectively to Defendants Montrell Jackson, Officer John Doe, Shreveport Police Chief Wayne Smith, SPD Records Custodian Sergeant Michael Dunn, and SPD Records Custodian John Doe.

19.     Where the singular is used with reference to any person, document or item, it shall include the plural if, in fact, there are more than one, and vice versa. Similarly, where the pronouns he, she, his or her are used, they shall include all genders.

## INSTRUCTIONS

1.     Each Interrogatory is to be answered separately and specifically. No answer is to be left blank. If the answer to an Interrogatory or subparagraph of an Interrogatory is "none" or "unknown," such statement must be written in the answer. If the answer to the entire question is not known, so state and answer the part known. If an exact date is not known, state the closest approximate date.

2.     In responding to these Interrogatories, provide all information available to you, including information in the possession of your attorneys, investigators or experts, and not merely information in your own personal possession.  If you or any of your agents, including your attorneys, are aware of the existence of any information within the scope of these Interrogatories that is not within the custody, possession or control of you or your agents, please identify any such information in a written response and provide information about who has the information.

3.      If you object to any part of any Interrogatory, you must answer all parts of that Interrogatory to which you do not object, and state the specific basis for your objection to any part to which you do object.

4.      If you claim that an answer, in whole or in part, to any Interrogatory or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject matter and state with particularity the nature and basis of the claim of privilege or other reason that the information is protected from discovery.

5.      These Interrogatories are deemed continuing in nature and call for prompt supplemental production whenever you receive or discover additional information covered by these Interrogatories.  You are hereby notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your responses to these Interrogatories should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, though correct and complete when made, is no longer true and complete.

6.      Manner of Production. In the event you produce documents in lieu of identifying them herein, please produce documents as instructed in Plaintiff's First Requests for Production.

## <u>INTERROGATORIES</u>

1.      Identify each officer, including but not limited to the individual named as Officer John Doe in the Complaint, who was present during the Incident with Mr. Kennedy on December 15, 2020, and describe the time period and circumstances when such other officer was present.

<u>Response to Interrogatory No. 1</u>:

2.      Identify all communications made by Mr. Kennedy or any officer during the Incident.

<u>Response to Interrogatory No. 2</u>:

3.      List all crime(s) Mr. Kennedy was charged with as a result of his actions on December 15, 2020.  If he was not charged with any crimes, explain why not.

<u>Response to Interrogatory No. 3.</u>

4.      Identify and describe each and every admission concerning the subject matter of the Complaint that you contend was made by Mr. Kennedy or any of his representatives, agents, or employees; and for each such admission, identify the person who made the admission, the statement itself, the date on which the admission was made, each person to whom the admission was communicated, and all documents concerning the admission.

Response to Interrogatory No. 4:

5.      Identify each and every person to whom you have communicated regarding the Complaint, and specify what was communicated.

Response to Interrogatory No. 5:

6.      Identify each and every official or unofficial complaint or allegation regarding Officer Montrell Jackson's conduct as a police officer that has been submitted to the SPD, or any other policing entity that the SPD has been made aware of.  For each complaint, identify the person who made the complaint, the date it was made, the nature of the complaint, and the consequences or outcome of the complaint, and all documents concerning the complaint.

Response to Interrogatory No. 6:

7.      Identify each and every official or unofficial complaint or allegation regarding Officer John Doe's conduct as a police officer that has been submitted to the SPD, or any other policing entity that the SPD has been made aware of.  For each complaint, identify the person who made the complaint, the date it was made, the nature of the complaint, the consequences or outcome of the complaint, and all documents concerning the complaint.

Response to Interrogatory No. 7:

8.      Identify each and every disciplinary action taken against Officer Montrell Jackson by the SPD, or any other policing entity that the SPD has been made aware of.  For each disciplinary action, identify the employer, the date of the disciplinary action, the reason for the disciplinary action, and the consequences to Officer Montrell Jackson's employment stemming from the disciplinary action, and all documents concerning each such disciplinary action.

Response to Interrogatory No. 8:

9.      Identify each and every disciplinary action taken against Officer John Doe by the SPD, or any other policing entity that the SPD has been made aware of.  For each disciplinary action, identify the employer, the date of the disciplinary action, the reason for the disciplinary action, and the consequences to Officer John Doe's employment stemming from the disciplinary action, and all documents concerning each such disciplinary action.

Response to Interrogatory No. 9:

10.     Identify each and every interaction Officer Montrell Jackson, or Officer John Doe, had with Mr. Kennedy in any capacity, including but not limited to their capacity as a law enforcement officers, before or after December 15, 2020.  For each interaction, identify the approximate date, the nature of the interaction, and the outcome of the interaction.

Response to Interrogatory No. 10:

11.     State whether Officer Montrell Jackson or Officer John Doe have ever been employed by any other policing entity aside from the SPD.  For each policing entity, identify the dates of their employment, their position, any disciplinary actions taken against them, any complaints submitted about them, and the reason for the end of their employment there, and identify all documents concerning disciplinary actions taken against them, complaints submitted about them, the reason for the end of their employment, and all documents concerning the same.

Response to Interrogatory No. 11:

12.     Describe the circumstances under which the SPD will decertify or revoke the certification of license of a police officer.

Response to Interrogatory No. 12:

13.     Identify the police officers that the SPD has decertified in the past five years and the total number of police officers that have been decertified in the last five years.  For each individual, state the date of hire, the date of termination, the date of decertification, the reason for decertification, any employment references provided to potential or future employers, whether the individual continued to be employed as a law enforcement officer in any capacity following the decertification, whether the individual has sought recertification, and the outcome of any efforts to seek recertification.

Response to Interrogatory No. 13:

14.     Identify the police officers that the SPD has hired during the past five years that had any complaint related to the following occurrences in their history: (1) retaliating against individuals lawfully exercising their First Amendment Right to free speech, (2) illegally detaining or falsely arresting individuals, or (3) excessive force.  State whether these individuals have been the subject of any such complaints while working for the Shreveport Police Department.

Response to Interrogatory No. 14:

15.     State whether Officer Montrell Jackson or Officer John Doe had been the subject of complaints pertaining to the following occurrences while employed at any other policing entity upon their hire with the SPD: (1) retaliating against individuals lawfully exercising their

11

First Amendment Right to free speech, (2) illegally detaining or falsely arresting individuals, or (3) excessive force, and identify all documents concerning any such complaint.

       <u>Response to Interrogatory No. 15</u>:

16.     Identify each and every person who you know or believe has knowledge concerning any of the facts alleged in the Complaint; and for each person identified, describe the factual knowledge the person has and how you became aware that the person has such knowledge.

       <u>Response to Interrogatory No. 16</u>:

17.     Identify and describe each and every written communication you had with any Defendant or any of their agents, representatives or employees referencing or relating to any of the allegations in the Complaint.

       <u>Response to Interrogatory No. 17</u>:

18.     Identify and describe each and every communication you have had with any other individual, besides your attorneys, regarding this Action or the allegations in the Complaint. Provide the name, address, phone number(s), and email address(es) of each individual with whom you have had such a conversation, and describe in detail the content of each conversation.

Response to Interrogatory No. 18:

19.     Identify and describe each and every communication you have made regarding Mr. Kennedy, this Action or the allegations in the Complaint (other than communications with your attorneys), since December 15, 2020, including but not limited to, statements made on any websites, web logs ("blogs"), online forums, social networking websites (e.g., www.linkedin.com, www.facebook.com, www.twitter.com), or any other location on the Internet.

Response to Interrogatory No. 19:

20.     Identify each and every person from whom you or your attorneys have obtained a written statement concerning this Action, and identify each such written statement.

Response to Interrogatory No. 20:

21.     Identify each civil, criminal or administrative action to which you have been a party, including the matter name, court or agency, and any matter number assigned by the court or agency, and describe your role with respect to each.

Response to Interrogatory No. 21:

22.     For each request for admission in Plaintiff's First Set of Requests for Admission that You denied, explain the basis for your denial.

Response to Interrogatory No. 22:

Dated:  February 14, 2022                    Respectfully submitted,

By: */s/ Christen L. Casale*
Megan E. Snider (SBN LA 33382)
msnider@laaclu.org
Nora S. Ahmed (pro hac vice)
nahmed@laaclu.org
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
(t) 504 522 0628

Jeremy Blumenfeld (pro hac vice)
Jared Killeen (pro hac vice)
Christen Casale (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:     +1.215.963.5000
Facsimile:     +1.215.963.5001

jeremy.blumenfeld@morganlewis.com
jared.killeen@morganlewis.com
christen.casale@morganlewis.com

Latiera J. Scott-Johnson (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL  60606-1511
Telephone:       +1.312.324.1000
Facsimile:        +1.312.324.1001
latiera.rayford@morganlewis.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Christen L. Casale, hereby certify that on this February 14, 2022, a true and correct copy of the foregoing was served upon the following via electronic mail:

Edwin H. Byrd, III
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P.
400 Texas Street, Suite 400
Shreveport, LA 71101
Telephone: (318) 221-1800 Ext. 106
Facsimile: (318) 226-0390
ebyrd@padwbc.com

*Attorney for Defendant*

/s/ *Christen L. Casale*
Christen L. Casale