UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRANDON KENNEDY     CIVIL ACTION NO. 21-cv-4247

VERSUS     JUDGE ELIZABETH E. FOOTE

MONTRELL JACKSON ET AL     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

**Introduction**

Brandon Kennedy ("Plaintiff") filed this civil rights action against the City of Shreveport, two Shreveport police officers, two John Doe officers, and Police Chief Wayne Smith. Plaintiff alleged that Officer Montrell Jackson retaliated against him for protected speech and subjected him to an illegal arrest and excessive force. He alleged that Sgt. Michael Dunn did not properly respond to public records requests regarding the incident, and he asserted that Chief Wayne Smith is liable in his official capacity because he did not maintain a policy of decertification of police officers who commit certain offenses.

Officer Jackson responded to the complaint with a Motion to Strike (Doc. 25) and argued that several of the general allegations in the complaint about police use of force against Black citizens are hyperbolic and irrelevant. The City, Chief Smith, and Sgt. Dunn filed a Motion to Dismiss (Doc. 19) that attacked the decertification claim against Chief Smith and the counts regarding violations of the public records laws. Both of those motions are pending before Judge Foote.

Before the undersigned is a **Motion to Stay Discovery Pending Ruling on Motions to Dismiss (Doc. 29)** filed by all defendants. Defendants represent that Plaintiff has

already served numerous discovery requests, and they ask that the court stay all discovery pending a resolution of the pending motions and, perhaps, a later assertion of qualified immunity by Officer Jackson. For the reasons that follow, the motion will be **granted in part and denied in part**.

**The Complaint**

Plaintiff, a 37-year-old Black man, alleged in his complaint that on December 15, 2020 he was in a convenience store speaking with another customer about the Black Lives Matter movement and his own negative experiences with the Shreveport Police Department ("SPD"). Officer Jackson, who was in uniform, was behind Plaintiff as Plaintiff commented to the other customer, "I have to watch my back because the police like to put their hands on me." Officer Jackson allegedly interrupted the conversation, asked what Plaintiff said, and Plaintiff repeated it to him. Jackson then told Plaintiff to step outside with him.

Plaintiff alleged that he completed his grocery purchase, immediately placed his hands behind his back, and walked out of the store. Jackson followed, confronted Plaintiff, and asked if he wanted an altercation. Plaintiff alleged that he replied, "No, I'm not stupid." Jackson then ordered Plaintiff to get up the street. Plaintiff alleged that he began to walk away and said, "Man, you can't talk to me like that, I pose no threat to you." Jackson then grabbed Plaintiff by the neck, slammed him to the ground, and placed his knee on Plaintiff's back. Jackson allegedly grabbed Plaintiff's face with both hands and slammed his face into the concrete pavement. Plaintiff was handcuffed.

Plaintiff alleged that he was placed in Officer Jackson's police cruiser and taken to Ochsner LSU Health Shreveport's psychiatric ward for a mental evaluation. They arrived at 8:30 p.m. and were soon told that the psychiatrist would not arrive until the following morning, so Plaintiff had to remain overnight in the psychiatric ward. The next morning, at about 7:00 a.m., the psychiatrist evaluated Plaintiff and determined there was no basis to hold him. Plaintiff's physical injuries required a visit to the emergency room two days later. He was diagnosed with neck and muscle strain and rib pain on his left side. Plaintiff alleged that he continues to suffer ongoing mental and emotional distress from the incident.

Plaintiff's complaint set forth eight counts. Counts 1-5 are against Officer Jackson for matters such as excessive force, false arrest, First Amendment violation, and infliction of emotional distress. Count 6 is claim under 42 U.S.C. § 1983 against SPD Records Custodian Sgt. Michael Dunn for the lack of an appropriate response to four public records requests submitted by Plaintiff's attorney. Count 7 is a claim against Chief Smith based on the SPD's lack of a policy to decertify police officers who commit certain offenses, including retaliating against persons who exercise their First Amendment rights. Count 8 repeats the complaints about Sgt. Dunn not responding to public records requests and invokes the Louisiana statute governing such matters.

Officer Jackson's motion to strike argues that several allegations in the complaint are irrelevant because they address general societal issues and are not relevant to the claims in this case. The motion to dismiss filed by the other defendants attacks Counts 6, 7, and 8 only. Thus, there is not a pending motion to dismiss counts 1 through 5 pertaining to Officer Jackson's actions. Defense counsel states that Officer Jackson will assert a

qualified immunity defense. Presumably he is awaiting a ruling on his motion to strike before attacking the complaint based on qualified immunity.

**Analysis**

Federal Rule of Civil Procedure 26(f)(1) states that parties must confer as soon as practicable to plan for discovery. In conferring, they must make or arrange for initial disclosures, develop a proposed discovery plan, and address related matters. A party generally may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. Pro. 26(d)(1).

These rules are generally implemented in this division, depending on which district judge is assigned to the case, by the court's scheduling order process. In the typical case, where all defendants file an answer, the court promptly sets deadlines for the parties to exchange initial disclosures and file a case management report (discovery plan). The court also sets a date for a scheduling conference with a magistrate judge, and a scheduling order with a trial date and relate deadlines are selected at the conference.

In cases where one or more defendants respond to the complaint with a motion to dismiss rather than an answer, the court exercises discretion on whether to immediately proceed with the scheduling process or await resolution of the preliminary motion(s). The decision depends on matters such as the scope of the motion, the likelihood the motion will result in the dismissal of certain defendants or substantial claims, the estimated length of time it will take for the court to rule on the motion, whether relevant evidence may become more difficult to gather with the passage of time, and the like.

The court has reviewed the pending motions and considered the competing arguments of the parties. Based on an assessment of relevant factors, the court finds that the best exercise of its discretion in these circumstances is to stay discovery directed at the claims against Chief Smith for failure to decertify (Count 7) and the counts directed at violations of public records laws (Counts 6 and 8). Plaintiff may proceed with discovery that pertains to the Counts 1 through 5, which are primarily directed at the use of force and arrest by Officer Jackson.

Defendants represent in their motion to stay that Plaintiff has already served several written discovery requests on Officer Jackson and the other defendants. Defendants are allowed 30 days from the filing of this order to serve responses to the outstanding requests. With respect to any requests that are affected by this stay ruling, Defendants may respond with an objection of prematurity based on the ruling.

Officer Jackson raises the prospect of a stay based on a qualified immunity defense, but he has not yet raised such a defense by a motion to dismiss or otherwise. In the event he does so, he may request a stay at that time. For these reasons, the **Motion to Stay Discovery Pending Ruling on Motions to Dismiss (Doc. 29)** is **granted in part** by staying all discovery that relates solely or primarily to Counts 6, 7, and 8. The motion is denied without prejudice with respect to the other requested relief.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of April, 2022.



Mark L. Hornsby
U.S. Magistrate Judge