# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| BRANDON KENNEDY,<br><br>     Plaintiff,<br><br>v.<br><br>OFFICER MONTRELL JACKSON, AND OFFICER JOHN DOE, INDIVIDUALLY; AND CITY OF SHREVEPORT POLICE CHIEF WAYNE SMITH, RECORDS CUSTODIAN FOR SHREVEPORT POLICE DEPARTMENT SERGEANT MICHAEL DUNN, AND RECORDS CUSTODIAN FOR SHREVEPORT POLICE DEPARTMENT JOHN DOE(S), IN THEIR OFFICIAL CAPACITIES.<br>     Defendants. | CIVIL ACTION NO. 5:21-cv-04247<br><br>JUDGE: Elizabeth E. Foote<br><br>MAGISTRATE JUDGE: Mark L. Hornsby<br><br>*Jury Trial Demanded* |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**<u>FIRST AMENDED COMPLAINT</u>**

i

Plaintiff Brandon Kennedy ("Plaintiff" or "Mr. Kennedy"), through his attorneys, hereby moves for leave to file the attached First Amended Complaint (Exhibit A) pursuant to Federal Rule of Civil Procedure 15 and Local Rule 7.6. A redline of the proposed First Amended Complaint against the original Complaint is attached as Exhibit B. Opposing counsel have been provided with the proposed Amended Complaint and oppose the granting of this Motion. Plaintiff respectfully requests that this Court grant it leave to file the Amended Complaint because the Amended Complaint contains additional information identifying one of the named Defendants (previously referred to as "John Doe" in the original complaint) and clarifies some of Plaintiff's allegations. Further, Plaintiff avers that there is no prejudice to Defendants, as this is Plaintiff's first amended pleading, and the Court has not yet issued a scheduling order.

## I.  INTRODUCTION

Mr. Kennedy filed his original Complaint ("Complaint") on December 10, 2021, seeking redress for an incident that took place on December 15, 2020, when Mr. Kennedy was attacked, handcuffed, and detained against his will by two Shreveport Police Department ("SPD") officers in retaliation for exercising his constitutionally protected speech against police brutality and in support of the Black Lives Matter movement. Mr. Kennedy was able to identify the first officer involved in the December 15th incident as Defendant Officer Montrell Jackson, and therefore, named him in the Complaint. Mr. Kennedy could not identify the second officer, however. Well before filing his Complaint, Mr. Kennedy made efforts to uncover the second officer's identity through public records requests submitted to the Shreveport Police Department ("SPD"). Ultimately, Mr. Kennedy was unable to confirm the second officer's identity before filing his Complaint, and therefore, named the second officer as Defendant Officer John Doe. After initiating litigation, Plaintiff's counsel continued to try to identify the John Doe officer through

direct requests to Defendants' counsel. Plaintiff now understands from Defendants' counsel that the second officer's name was Sergeant Justin White ("Sergeant White"). Accordingly, Sergeant White is named as a defendant in Amended Complaint in lieu of Defendant Officer John Doe.

In addition to the two officers directly involved in the December 15th incident, the Complaint also brought claims against Defendants SPD Police Chief Wayne Smith, SPD Records Custodian Michael Dunn, and SPD Records Custodian John Doe(s) (collectively, "Defendants"). To date, none of the Defendants have submitted an answer, instead submitting various Rule 12 motions. On February 7, 2022, Defendant Michael Dunn and Defendant Wayne Smith filed a Partial Motion to Dismiss, which Mr. Kennedy opposed, and which has been fully briefed by the parties. On March 14, 2022, Defendant Jackson filed a Motion to Strike various allegations, which Mr. Kennedy also opposed, and which has been fully briefed. The Court has yet to rule on either of these motions.

Mr. Kennedy now respectfully asks to file a First Amended Complaint, and in doing so, seeks to achieve two goals. First, Mr. Kennedy will properly name Sergeant White as a Defendant and remove reference to Officer John Doe. Second, Mr. Kennedy will amend the factual allegations supporting the counts implicated by the Defendants' pending Rule 12 motions in order to better support his claims. The proposed Amended Complaint does not add any new claims or any other defendants aside from Sargent White. Given that this is Mr. Kennedy's first request to amend the Complaint in this matter, and for the reasons articulated more fully herein, Mr. Kennedy respectfully requests leave to file the First Amended Complaint.

**II.    CONSULTATION WITH DEFENSE**

On July 27, 2022, Plaintiff's counsel provided a copy of the First Amended Complaint to Defendants' counsel via e-mail and asked Defendants' counsel whether Defendants intended to oppose Plaintiff's motion for leave to amend. On the same day, Defendants' counsel responded

by stating Defendants intend to oppose the motion.

## III.   ARGUMENT

### A.   Plaintiff Should Be Permitted to File the First Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) "provides that when more than twenty-one days have elapsed after service of the original complaint, a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citations omitted); *Pitcher v. Hall*, No. CV 20-00150-BAJ-SDJ, 2021 WL 951746, at *1 (M.D. La. Mar. 12, 2021) ("Courts have liberally construed Rule 15(a)(2) in favor of amendment."), citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). "[L]eave to amend is by no means automatic," but a court must possess a "substantial reason" to deny such a request. *Jones*, 427 F.3d at 994. In deciding whether to grant leave to amend, a court considers the following four factors: (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failures to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Id*.

Applied here, each relevant consideration[1] weighs in Plaintiff's favor.

#### i.   *No Undue Delay*

There was no undue delay here. Plaintiff made every effort to discover Sergeant White's identity prior to filing the original Complaint through public records requests (*see* Exhibits 2-5 to

---

[1] As this is Plaintiff's first request to amend, there has been no repeated failure to cure any deficiency through previously permitted amendments, and that factor is not analyzed herein. *Bosarge v. Cheramie Marine, LLC*, No. CV 14-2153, 2015 WL 13229569, at *3 (E.D. La. July 27, 2015) ("The Court notes that this is the Defendant's first proposed amended answer, therefore factor two is also inapplicable.").

3

the First Amended Complaint), and once litigation began, through correspondence with Defendants' counsel (*see*, January 26, 2022 e-mail from counsel for Plaintiff C. Casale to counsel for Defendants E. Byrd, attached as Exhibit C). Despite these efforts Plaintiff did not uncover Sergeant White's identity until April 19, 2022. *See* April 19, 2022 email from counsel for Defendants E. Byrd to counsel for Plaintiff C. Casale, attached as Exhibit D. This was a little over three months ago. *Compare Cardoso-Gonzales v. Anadarko Petroleum Corp.*, No. CV 16-16585, 2017 WL 5493628, at *2 (E.D. La. Nov. 15, 2017) (finding no undue delay and granting Plaintiffs' motion to amend, six months after the scheduling order deadline and after numerous depositions, where Plaintiffs did not know the involvement of to-be-added defendant until that time); *Williams v. Nation Star Mortg., LLC*, No. CV 19-663-BAJ-SDJ, 2021 WL 7286010, at *3 (M.D. La. July 2, 2021) (granting motion to amend, regardless of the fact that the motion was filed almost a year after the deadline to amend, where the motion was filed in response to Defendant's Motion to Dismiss); *with Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) (holding that delay alone may not be a sufficient reason to deny a motion to amend, but denying leave when delay was coupled with prejudice because the proposed amendment would have added new claim less than one week before trial).

Courts routinely find that newly discovered information provides a legitimate basis to seek amendment – even when the information is uncovered much later in the litigation than this matter is now. *Michel on Behalf of Michel v. Ford Motor Co.*, No. CV 18-4738, 2020 WL 360592, at *4 (E.D. La. Jan. 21, 2020) ("As courts in this circuit have held, '[n]ewly discovered information acquired through discovery ... constitute[s] good cause for an untimely leave to amend under Rule 16.'")[2] (collecting cases); *Rivera v. Robinson*, No. CV 18-14005, 2019 WL 4024939, at *2 (E.D.

---

[2] No scheduling order has yet been issued in this case, which is why Rule 15 is still applicable, so there is no "good cause" requirement under Rule 16 applicable here.

4

La. Aug. 27, 2019) (granting leave to amend where "because the amendment is based upon evidence newly learned through discovery, the court finds that undue delay, bad faith, or dilatory motives are not present in this case; nor does the proposed amendment correct a deficiency that could have been cured by previously allowed amendments.").

Given these facts, there was no undue delay here.

      *ii.*    ***No Bad Faith or Dilatory Motive.***

Plaintiff is not seeking amendment in bad faith, or as a dilatory motive. *Cf.Frantz Design, Inc. v. Diamond Orthotic Lab'y, LLC*, No. 1:19-CV-00970-ADA, 2020 WL 10314642, at *2 (W.D. Tex. May 26, 2020) (finding that, since Plaintiff had not previously moved for leave to amend, there was no indication that Plaintiff's motion to amend was made in bad faith or with a dilatory motive); *Marshall v. MarOpCo, Inc.*, 223 F. Supp. 3d 562, 568 (N.D. Tex. 2017) (noting that an amendment may be sought in bad faith where the plaintiff is forum shopping); *WRR Indus., Inc. v. Prologis*, No. 3:04–CV–2544–L, 2006 WL 1814126, at *5 (N.D. Tex. June 30, 2006) (finding bad faith and dilatory motive where the motion for leave to amend would fundamentally alter the case after 18 months, and motions to dismiss and for summary judgment had been filed); *Vitrano v. U.S.*, 721 F.3d 802, 807 (7th Cir. 2013) (plaintiff acted in bad faith by supplanting and abandoning the claims alleged in the original complaint, rather than amending the original claims, to save the complaint from dismissal).

      *iii.*    ***Defendants Will Not Be Prejudiced.***

Defendants will suffer no undue prejudice by virtue of Plaintiff filing the First Amended Complaint. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Bosarge v. Cheramie Marine, LLC*, No. CV 14-2153, 2015 WL 13229569, at *3 (E.D. La. July 27, 2015), citing *Mayeaux*, 376 F.3d at 427–28

(finding that the complaint would be "fundamentally altered" where the proposed amendment would destroy jurisdiction and "effectively reconstruct the case anew"). In general, a party is prejudiced if an added claim or defense would require the litigants "to reopen discovery and prepare a defense for a claim [or defense] different from the [one] ... that was before the court." *Smith v. ECM Corp.*, 393 F.3d 590, 596 (5th Cir. 2004), quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). However, amendments that merely propose alternative legal theories for recovery on the same underlying facts should be permitted "as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities." *Mayeux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 425-427 (5th Cir. 2004) (holding that such arguments generally should be permitted, as they promote litigation on the merits rather than on procedural technicalities, and do not fundamentally alter the nature of the case).

The amendments Plaintiff proposes do not fundamentally alter the nature of the case. First, Plaintiff will simply be swapping out Sergeant White where Defendant Officer John Doe is referenced in the original Complaint. Second, Plaintiff will strengthen the factual and legal assertions underpinning the causes of action brought in the original complaint. Every argument Plaintiff intends to submit in the Amended Complaint is based on the facts as they were originally alleged with Plaintiff filed this case, and there are no new counts alleged. Plaintiff simply intends to strengthen his position given the arguments propounded by Defendants in their Rule 12 motions.

Moreover, discovery is just beginning in this case – Plaintiff is the only party that has served written discovery requests. Defendants therefore will have the same opportunities to examine the First Amended Complaint's allegations through discovery, that they would otherwise have if the original Complaint were left in place. *Compare, e.g.*, *SMH Enterprises, L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 562 (E.D. La. 2022) (citing Fifth Circuit precedent for

the proposition that a defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] ... that was before the court."); *Johnson v. Karr*, 2017 WL 2362043, at *4 (N.D. Tex. May 31, 2017) (Fitzwater, J.) (finding no prejudice in granting motion for leave to file amended answer where, inter alia, a continuance of the discovery deadline could cure any prejudice) *with Smith v. EMC Corp.*, 393 F.3d 590, 594-6 (5th Cir. 2004) (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed).

Defendants will not be prejudiced by Plaintiff being permitted to file the First Amended Complaint.

### iv. *Amendment Is Not Futile.*

Plaintiff's proposed amendment is not futile. As articulated in Plaintiff's briefing in response to Defendant's pending Rule 12 motions (Dkts. 27 and 32), Plaintiff's allegations as they exist in the original Complaint are adequate and should survive the pending motions. Plaintiff stands by the arguments he provided in response to Defendants' Rule 12 Motions – and will reiterate those arguments to the extent any Rule 12 Motion is filed in response to the First Amended Complaint. The First Amended Complaint merely provides the Court with more robust and clearly articulated allegations, with the goal of further strengthening Plaintiff's already adequate responses to Defendants' Rule 12 arguments. Amendment, therefore, is not futile.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Leave to File the First Amended Complaint.

Dated: July 28, 2022                                Respectfully submitted,

By: */s/ Jeremy P. Blumenfeld*
Jeremy Blumenfeld (pro hac vice)
Jared Killeen (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:     +1.215.963.5000
Facsimile:     +1.215.963.5001
jeremy.blumenfeld@morganlewis.com
jared.killeen@morganlewis.com


By: */s/ E. Bridget Wheeler*
E. Bridget Wheeler (SBN LA 37546)
bwheeler@laaclu.org
Nora S. Ahmed (pro hac vice)
nahmed@laaclu.org
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
(t) 504 522 0628

*Counsel for Plaintiff*

8

**CERTIFICATE OF SERVICE**

  I, Jared R. Killeen, hereby certify that on July 28, 2022, a true and correct copy of the foregoing was served upon the following via U.S. and electronic mail:

Edwin H. Byrd, III
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P.
400 Texas Street, Suite 400
Shreveport, LA 71101
Telephone: (318) 221-1800 Ext. 106
Facsimile: (318) 226-0390
ebyrd@padwbc.com

*Attorney for Defendant*

                 */s/ Jared R. Killeen*
                 Jared R. Killeen