UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRANDON KENNEDY                    CIVIL ACTION NO. 21-cv-4247

VERSUS                             JUDGE ELIZABETH E. FOOTE

MONTRELL JACKSON, ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Brandon Kennedy ("Plaintiff") filed this civil rights action against the City of Shreveport, two Shreveport police officers, two John Doe officers, and Police Chief Wayne Smith. Plaintiff alleged that Officer Montrell Jackson retaliated against him for protected speech and subjected him to an illegal arrest and excessive force. He alleged that Sgt. Michael Dunn did not properly respond to public records requests regarding the incident, and he asserted that Chief Wayne Smith is liable in his official capacity because he did not maintain a policy of decertification of police officers who commit certain offenses.

Officer Jackson responded to the complaint with a Motion to Strike (Doc. 25) and argued that several of the general allegations in the complaint about police use of force against Black citizens are hyperbolic and irrelevant. The City, Chief Smith, and Sgt. Dunn filed a Motion to Dismiss (Doc. 19) that attacked the decertification claim against Chief Smith and the counts regarding violations of the public records laws. Both of those motions are pending before Judge Foote.

After the Rule 12 motions were filed, Plaintiff filed a Motion to Amend Complaint (Doc. 45) that is now before the court. Plaintiff represents that the proposed amendment

will identify one of the individual defendants previously referred to as John Doe and will clarify some of Plaintiff's allegations in support of the counts attacked by the pending Rule 12 motions.  Plaintiff states that the proposed amendment does not add any new claims or any new defendants other than the identification of John Doe as Sgt. Justin White.

Defendants state that they do not oppose naming Sgt. White in place of a John Doe, and they do not object to the reordering or rewording of the original complaint.  But Defendants do oppose what they say is Plaintiff's attempt to bring new claims against the existing defendants.   They urge that, contrary to Plaintiff's statement, the proposed amended complaint will add new theories of relief, and Defendants urge that those proposed new claims should be rejected on futility grounds.  Plaintiff replies that the proposed amendment does not include any additional claims; it simply bolsters the allegations supporting the existing claims.  And, Plaintiff argues, even if the amended complaint added new claims, that would not be a basis for denying leave to amend at this early stage of the litigation.  The case has been pending for approximately nine months, but due to the early motion practice there is no scheduling order in place.

Federal Rule of Civil Procedure 15 encourages a plaintiff to respond to a Rule 12 motion by amending his complaint, and the plaintiff may do so without leave of court is he acts promptly after the filing of the motion.  This plaintiff waited past the deadline to amend without leave, but the same policy counsels in favor of allowing the proposed amendment, especially given the early stage of the case.  The usual practice in this division, in such circumstances, is to allow the amendment, deny the Rule 12 motion without prejudice, and allow the defendants to respond to the amended complaint with a new motion or motions.

Davis v. Gavin, 2019 WL 2754758, *2 (W.D. La. 2019).  When a defendant argues that leave should be denied because the proposed amendment is futile, the local practice is to nonetheless grant leave to amend and allow futility to be determined after full briefing of a new motion to dismiss that is focused on the merits of the amended complaint.  House of Raeford Farms v. Poole, 2020 WL 3052226 (W.D. La. 2020).  Defendants request in footnote 3 of their memorandum in opposition that should the court allow the amendment, they would like their motions decided based on the amended complaint or have them denied without prejudice to filing new motions.

Based on the factors discussed above, the **Motion to Amend Complaint (Doc. 45)** is **granted**, and the **Motion to Dismiss (Doc. 19)** and **Motion to Strike (Doc. 25)** are **denied** without prejudice to reurging the defenses and other arguments contained therein.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of August, 2022.

Mark L. Hornsby
U.S. Magistrate Judge